UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMMY DYER,

        Movant,

                              File No.  1:04-CV-589

v.

                              HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
        _____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Sammy Dyer's motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e). On March 17, 2005 the Court issued an opinion and order granting Movant's motion to voluntarily dismiss his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 filed on September 3, 2004, dismissing Movant's § 2255 motion filed on January 10, 2005, and denying as futile Movant's supplemental motion filed on February 14, 2005. *See Dyer v. United States*, Case No. 1:04-CV-589, Docket #5, 6 (W.D. Mich. March 17, 2005). On April 28, 2005 Movant filed the present motion to alter or amend the judgment.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. FED R. CIV. P. 59(e). The rule, however, provides that "[a]ny motion to alter or amend a judgment *shall be filed no later than 10 days* after entry of the judgment." FED. R. CIV. P. 59(e) (emphasis added). Movant filed this motion well after the expiration

of the required time period.  Accordingly, Movant's motion to alter or amend is denied as untimely.

Moreover, even if the Court entertained Movant's motion on its merits, it would fail. A court should grant a Rule 59(e) motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999). Movant contends that by dismissing his § 2255 motion and denying his supplemental motion, the Court misconstrued the intent of his multiple filings with the Court.  According to Movant, he wished only to voluntarily dismiss his original § 2255 motion (filed on September 3, 2004) because he recognized that it was untimely.  By voluntarily dismissing the original motion only, Movant seeks to place himself in the position of being able "to bring a procedurally first § 2255 motion in the event a future Supreme Court decision is found retroactively applicable to petitioner's claims." *See* Mov. Mot. to Alter J. at 4 (Docket #7).  Movant recognizes that as presently constituted his next § 2255 will likely face the more stringent requirements placed upon a second or successive motion.  *See* 28 U.S.C. § 2255 ¶ 8.  Although the Court must liberally construe Movant's pleadings, *see Haines v. Kerner*, 404 U.S. 519 (1972), his request asks the Court to stretch the liberal construction of his filings to its breaking point.

Although Movant now claims that he only wished to voluntarily dismiss his original motion, his actions speak much louder than his words.  In his motion filed on January 1,

2005, Movant did request that his September 3, 2004 motion be voluntarily dismissed. *See* Mov. Mot. to Dismiss at 1 (Docket #3). But Movant also raised two additional alleged defects in his sentencing and requested that the Court rule upon them. *Id.* at 5-6. Movant alleged that he was sentenced in violation of *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), and that his defense counsel rendered ineffective assistance of counsel by failing to raise the *Dale* issue. *Id.* Moreover, on February 14, 2005, Movant submitted another motion contending that he was sentenced in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). The additional claims raised in Movant's multiple filings with the Court do not reflect the intent of someone who wished only for a voluntary dismissal. Faced with this record, it is clear Movant has failed to show any reason necessitating amendment of the Court's previous order. Accordingly,

**IT IS HEREBY ORDERED** that Movant's motion to alter or amend judgment (Docket #7) is **DENIED**.

Date:    August 17, 2005              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE